UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DARRYL WHITING,

        Petitioner,

v.                                 Case No: 5:12-cv-347-Oc-29PRL

WARDEN, FCC COLEMAN - LOW,

        Respondent.

_____

## ORDER OF DISMISSAL

Petitioner Darryl Whiting ("Petitioner"), a federal prisoner currently confined at the Federal Correctional Complex in Coleman, Florida, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1, filed June 21, 2012).  An amended petition is currently before the Court (Doc. 6, filed July 27, 2012).  Petitioner challenges his 1991 convictions imposed by the United States District Court for the District of Massachusetts for numerous drug related offenses. Petitioner asserts that he is innocent of the crimes for which he has been convicted and that he received ineffective assistance of counsel during his trial. *Id.* at 1-2.  In support of his petition, Petitioner attaches purported recantations from four codefendants who testified against him (Doc. 1 at 5-22) and an unsigned and undated "Motion for Severance" (Doc. 1 at 24-25).

After reviewing the pleadings filed in this case and the procedural history of Petitioner's claims, the Court dismisses the petition as an improper filing under 28 U.S.C. § 2241.

## I.   **Background**

In July 1991, Petitioner was found guilty of one count of engaging in a continuing criminal enterprise, 21 counts of distribution of cocaine, and one count of money laundering. See United States v. Whiting, 28 F.3d 1296, 1300 (1st Cir. 1994). Petitioner was sentenced to life without parole on the continuing criminal enterprise count and to concurrent terms of 240 months in prison on each of the 21 distribution counts and the money laundering count. Id.  The First Circuit Court of Appeals affirmed Petitioner's convictions and sentences in a published opinion. Id. at 1312.

On August 22, 1995, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in which he advanced ten claims of ineffective assistance of counsel (D. Mass. Case No. 1:95-cv-11885-REK).  In the § 2255 motion, Petitioner asserted, *inter alia*, that counsel failed to interview potential witnesses.  The district court found that counsel's performance had not been deficient and dismissed the § 2255 motion. See Whiting v. United States, 215 F.3d 1313 (1st Cir. 1998).  The First Circuit affirmed the judgment of the district court.  Id.

Petitioner sought leave from the First Circuit Court of Appeals to file a second petition under 28 U.S.C. § 2255. <u>Whiting v. United States,</u> 38 F. App'x 623, *1 (1st Cir. 2002). Leave was denied, but on June 19, 2000, Petitioner proceeded to submit a § 2255 motion in the sentencing court anyway (D. Mass Case No. 1:00-cv-11203). The petition was dismissed as an impermissible second § 2255 motion, and the First Circuit affirmed the dismissal. <u>Whiting</u>, 38 F. App'x at *1. The First Circuit also declined to consider Petitioner's assertion that the government had suborned perjury at trial, concluding that "[t]he new evidence on which Whiting relies, even if deemed timely proffered, is too generalized to warrant a different outcome." <u>Id.</u>

While incarcerated in California, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he advanced substantially identical claims as in the petition currently before this Court. <u>See</u> <u>Whiting v. Rios</u>, No. 1:10-cv-01719-GSA-HC, 2010 WL 3912253 (E.D. Cal. Oct. 10, 2010). The Eastern District of California concluded that Petitioner failed to establish that § 2255 was inadequate or ineffective to test the legality of his detention. <u>Id.</u> Specifically, the court noted that "Petitioner has had numerous unobstructed procedural opportunities to present his claims and purported evidence, and in fact, he has done so." <u>Id.</u> at *2. Accordingly, the petition was dismissed for lack of jurisdiction. <u>Id.</u> Petitioner's motion for reconsideration

was denied.  <u>Whiting v. Rios</u>, No. 1:10-cv-01719-GSA-HC, 2010 WL 4340556 (E.D. Cal. Oct. 27, 2010).

Petitioner filed the instant § 2241 petition in this Court on June 21, 2012 and an amended petition on July 27, 2012 (Doc. 1; Doc. 6).  In the amended petition, Petitioner argues that, based on the affidavits of co-defendants, he is actually innocent of the crimes for which he was convicted.  He attaches to his petition the affidavits of co-defendants Rochell Burden, Cheryl Bobbit, Wayne Ruff, and Anthony Samuels (Doc. 1 at 5-22).  Each co-defendant attests that they were coerced into testifying falsely against Petitioner in exchange for favorable treatment from the prosecution. <u>Id.</u>

Respondent has filed a response asking that this petition be dismissed under 28 U.S.C. § 2244(a) as an abuse of the writ because Petitioner now raises the same arguments that he raised in the prior habeas petition filed in California (Doc. 8 at 2-3).  Alternatively, Respondent argues that the petition is an improper filing under § 2241 because Petitioner had opportunity to raise these claims in a § 2255 motion. <u>Id.</u> at 2, 8.

In reply, Petitioner argues that his petition should not be dismissed as an abuse of the writ because his claims have never been adjudicated on the merits and alternatively, that this Court has jurisdiction under 28 U.S.C. § 1651 to review his petition (Doc. 9).

## II.  **Analysis**

### a.  *This Court lacks jurisdiction to consider Petitioner's 28 U.S.C. § 2241 petition*

Ordinarily, an action in which a federal prisoner seeks to collaterally attack his conviction or sentence should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255(a); Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, because Petitioner's previous § 2255 motion was denied by the court that imposed his sentence, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); Darby v. Hawk–Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) ("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion").  Petitioner did seek permission from the First Circuit Court of Appeals to file a successive § 2255 motion, but the request was denied. Whiting, 38 F. App'x at *1.[1]

Because Petitioner is barred from filing another § 2255 motion without first receiving permission to do so, he filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  However,

---

[1] The issues on which Petitioner sought leave to file a successive habeas petition are not before this Court.  However, permission to file the successive § motion 2255 was sought from the First Circuit Court of Appeals prior to the witness recantations currently before this Court.  See Doc. 1 at 22-25, witness affidavits dated April 14, 2007, July 26, 2007, May 13, 2003, April 25, 2000, and March 22, 2001.

28 U.S.C. § 2255(e) (the "savings clause") expressly limits the circumstances under which a § 2241 petition may be filed. A prisoner may file a § 2241 petition only if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, § 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, ***unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255(e) (emphasis added).

The Eleventh Circuit has provided guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. In <u>Wofford v. Scott</u>, the court concluded that § 2255 provides an inadequate and ineffective remedy when the petitioner claims to be factually innocent of the crime for which he has been convicted and has never had an unobstructed procedural shot at presenting his claim. 177 F.3d 1236, 1244 (11th Cir. 1999). "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." <u>Id.</u>; <u>see also</u> <u>Turner v.</u>

*Warden, Coleman FCI*, 709 F.3d 1328 (11th Cir. 2013) (holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim when it could have been raised in an earlier § 2255 proceeding).

Petitioner does not satisfy the *Wofford* standard.  He does not assert that First Circuit precedent foreclosed him from raising the instant claims on direct appeal or in his first § 2255 motion. In fact, Petitioner raised claims of ineffective assistance of counsel and a related claim of government misconduct in regards to co-conspirator statements in his first § 2255 petition, and the claims were denied. *Whiting*, 215 F.3d at *1.

Petitioner asserts that he did not raise the claims of witness tampering in his first § 2255 motion because of his "cooperating witnesses' reluctance to recant their testimony and exculpate Petitioner until they had a change of conscience[.]" (Doc. 9 at 2).  Petitioner does not explain why he did not seek leave to file a successive § 2255 petition at that time.  Under 28 U.S.C. § 2255(h), a petitioner may request that the court of appeals certify the existence of either newly discovered evidence or a new rule of retroactively applicable constitutional law so that he may file a successive § 2255 motion.  That Petitioner did not seek such certification or that such a request was denied does not make § 2255 inadequate or ineffective. See *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1281-82 (11th Cir. 2013) (distinguishing

claims of "newly discovered evidence" which may be raised in a successive § 2255 motion under § 2255(h)(1) from  the types of claims that may be raised under the savings clause of § 2255(3)); Trupei v. Lappin, 339 F. App'x 955 (11th Cir. 2009) (a mere assertion of newly discovered evidence to support a claim of actual innocence does not make § 2255 inadequate or ineffective); Wofford, 177 F.3d at 1244 n.3 (a claim of actual innocence is considered only after the portal to a § 2241 proceeding is opened); see also Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("No matter how powerful a petitioner's showing, only [a circuit court of appeals] may authorize the commencement of a second or successive [§ 2255] petition.").

Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims of newly discovered evidence.  Accordingly, he may not raise his instant claims under § 2241, and the petition must be dismissed because this Court does not have jurisdiction to consider it.

Likewise, Petitioner may not use 28 U.S.C. § 1651, the All Writs Act, to circumvent the requirements for filing a second or successive § 2255 motion.  Section 1651 does not establish an independent source of subject matter jurisdiction and is unavailable to obtain an additional review of objections cognizable under 28 U.S.C. § 2255.  See Morales v. Florida Dep't of Corr., 346 F. App'x 539, 541 (11th Cir. 2009) (per curiam)

(unpublished) (affirming district court's dismissal of Morales's collateral attack on his conviction, brought pursuant to the All Writs Act, as a successive habeas petition "[b]ecause Morales could not circumvent the statutory requirements for filing a successive § 2254 petition by invoking the All Writs Act...."); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (common law "writ of *audita querela* may not be granted when relief is cognizable under § 2255."); Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate."). Petitioner is not entitled to a review of his petition under 28 U.S.C. § 1651.

### b. *Petitioner has already filed a 28 U.S.C. § 2241 petition in the Eastern District of California*

On September 20, 2010, while incarcerated at the United States Penitentiary in Atwater, California, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in which he raised substantially identical claims of witness recantation as those currently before the Court. Whiting v. Rios, 2010 WL 3912253 (E.D. Cal. Oct. 5, 2010). The Eastern District of California, applying

similar reasoning as this Court (see discussion, supra Part II(a)), concluded that Petitioner had not satisfied the savings clause requirements under 28 U.S.C. § 2255(e) and dismissed the petition for lack of jurisdiction. Id. at *2.

Successive § 2241 petitions by federal prisoners are subject to threshold dismissal in the district courts. Antonelli v. Warden, USP Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Specifically, 28 U.S.C. § 2244(a) provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Id. For a § 2241 petition to be barred as successive, it must raise the same claims that were adjudicated on the merits in prior habeas proceedings. Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6 (1986); Antonelli, 542 F.3d at 1352.

Petitioner does not address Respondent's assertion that he is barred under § 2244(a) from bringing this action because the Eastern District of California already concluded that Petitioner cannot bring this claim under § 2241. Rather, Petitioner now argues that this claim is not barred by § 2244(a) because the Eastern District of California did not reach the merits of his actual innocence claim (Doc. 9 at 2).

Indeed, the Eleventh Circuit does not appear to have precisely addressed whether the dismissal of a § 2241 petition for lack of jurisdiction under § 2255(e) is a dismissal "on the merits" so as to implicate the gatekeeping provision of § 2244(a).  However, this issue was recently considered by the Tenth Circuit Court of Appeals in Hill v. Daniels, 504 F. App'x 683 (10th Cir. 2012) (unpublished).  In that case, Hill filed identical 28 U.S.C. § 2241 habeas actions in district courts in the Middle District of Florida and the Central District of California before filing in the United States District Court for the District of Colorado. Id. at 685. Both the Middle District of Florida and the Central District of California dismissed Hill's petitions as improper filings under § 2241, and the Eleventh Circuit Court of Appeals upheld the dismissal of Hill's Florida habeas petition. See Hill v. Warden, FCC Coleman – USP II, MDFL Case No. 5:08-cv-218-WTH-GRJ, Hill v. Warden, FCC Coleman-USP II, 364 F. App'x 587 (11th Cir. 2010); Hill v. Warden of Victorville, Case No. CV 10-1924-VAP (MAN), 2010 WL 2605733 (C.D. Cal. May 25, 2010).[2] Subsequently, the District of Colorado also dismissed Hill's petition for lack of jurisdiction because the remedy under § 2255 was neither inadequate nor ineffective to test the legality of his detention. Hill v. Daniels, Case No. 12-cv-00590-BNB, 2012 WL

---

[2] Hill did not appeal the dismissal of his California habeas petition.

1229976 (D. Colo. Apr. 12, 2012).  Hill appealed the dismissal of
his Colorado petition, and the Tenth Circuit affirmed, concluding
that it need not consider whether the petition was barred by 28
U.S.C. § 2255(e) because "relief under § 2241 is barred in any
event by 28 U.S.C. § 2244(a)." Hill, 504 F. App'x at *3.  Hill
argued to the Tenth Circuit that his claims were not actually
adjudicated "on the merits" (and thus not barred by 2244(a)),
having been dismissed only on procedural grounds by both the
Florida and California district courts.  However, the Tenth
Circuit was not persuaded by Hill's argument:

> Hill's first argument is based on a
> misunderstanding of the term *on the merits*. To
> say that a claim was adjudicated on the merits
> is simply to say that it was not dismissed
> without prejudice; that is, a claim is
> dismissed "on the merits" when the ruling—
> whether it is based on the substance of the
> claim or a procedural bar such as a statute of
> limitations — prohibits the party from
> bringing the same claim before the same court
> again. See Semtek Int'l Inc. v. Lockheed
> Martin Corp., 531 U.S. 497, 502-06, 121 S.Ct.
> 1021, 149 L.Ed.2d 32 (2001) (construing
> Fed.R.Civ.P. 41(b)).  Thus, shortly before
> the 1996 enactment of the Antiterrorism and
> Effective Death Penalty Act (AEDPA), we held
> that a disposition on procedural-default
> grounds is an adjudication on the merits for
> purposes of the bar on successive § 2254
> applications because the dismissal for
> procedural default was a ruling "that the
> underlying claims will not be considered."
> Hawkins v. Evans, 64 F.3d 543, 547 (10th Cir.
> 1995) (emphasis and internal quotation marks
> omitted). Other courts have since confirmed
> that this proposition was left undiluted by
> AEDPA, see Henderson v. Lampert, 396 F.3d

> 1049, 1053 (9th Cir. 2005), and that it
> applies no differently to habeas actions
> challenging the legality of federal
> confinement, see Carter v. United States, 150
> F.3d 202, 205–06 & n. 5 (2d Cir. 1998). These
> authorities convince us that when the Seventh
> Circuit, Eleventh Circuit, and Central
> District of California dismissed exactly the
> same claims that Hill raises now — for failure
> to comply with the procedural requirements of
> § 2255(h), § 2255(f), or § 2255(e) — the
> dismissals constituted adjudications on the
> merits of those claims.

Hill, 504 F. App'x at 687-88. Accordingly, the Hill court concluded that it was authorized to decline consideration of Hill's subsequent habeas petition under 28 U.S.C. § 2244(a). Id.

Here, Petitioner asserts that newly discovered evidence in the form of witness recantations should open a portal to 28 U.S.C. § 2241 review. This is the same argument advanced by Petitioner to the Eastern District of California in his first § 2241 petition. Applying the same reasoning as the Tenth Circuit in Hill, this Court concludes that the Eastern District of California's dismissal of Petitioner's claims for failure to satisfy § 2255(e)'s savings clause constituted an adjudication of the petition on the merits. Therefore, the issue of whether Petitioner is entitled to bring this claim under the savings clause provision of § 2255(e) need not be revisited by this Court. 28 U.S.C. § 2244(a).

Moreover, federal courts have concluded that, notwithstanding any limitations on § 2244(a), the filing of a successive identical habeas petition may be subject to dismissal as an abuse of the

writ. See, e.g., Davis v. Fechtel, 150 F.3d 486, 491 (5th Cir. 1998) ("we need not determine whether the gate-keeping provisions of the AEDPA [apply to Petitioner's third § 2241 petition] because it clearly constitutes an abuse of the writ either under our pre - or post - AEDPA jurisprudence."); Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir. 1991) (applying the law of the case doctrine to successive habeas petitions); Raulerson v. Wainwright, 753 F.2d 869, 875 (11th Cir.1985) (same); see also McCleskey v. Zant, 499 U.S. 467, 482 (1991)(recognizing that where a petitioner has filed successive habeas petitions in more than one district court, the dismissal of the first habeas petition is of "vital relevance" to later court determinations of whether to consider similar petitions).

Accordingly, in addition to being subject to dismissal for failing to satisfy the savings clause provision of 28 U.S.C. § 2255(e), the Court declines to consider the petition because it is an impermissible successive § 2241 petition.

## III. Conclusion

Because Petitioner has not demonstrated that § 2255 was inadequate or ineffective to test the legality of Petitioner's conviction, he cannot bring this claim under the savings clause provision of 28 U.S.C. § 2255(e), and this Court lacks jurisdiction to consider the petition.  Alternatively, the Court declines to

consider the petition as it raises the same claims as the § 2241 petition filed Petitioner in the Eastern District of California.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The amended 28 U.S.C. § 2241 (Doc. 6) petition filed by Darryl Whiting is **DISMISSED** as an improper filing under § 2241; and

2. The **Clerk of Court** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___10th___ day of July, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Darryl Whiting
Counsel of Record

– 15 –